White, J.
The first question in this case is as to the éffect of the second trial upon the judgment rendered on the first trial.
The plaintiffs in error claim that the defense set up by B'. W. Miller inured to the benefit of all of the defendants; and that the extent of their liability is the amount found due the plaintiff in that case on the second tidal. That the effect of the verdict and judgment on the second trial was to vacate the first judgment, at least to the amount of the excess above what was recovered on the second trial.
The defendant in error, Longacre, on the other hand, contends that the answer filed was not available as a de *296 fense for any of the parties; that the ease was not one for a second trial; and, consequently, that the first judgment remained in full force against all the defendants, and that the execution was properly issued thereon.
The ground stated in argument for this claim is, that there was in law but two parties defendant in the case—■ one the firm of B, W. Miller & B.ro., and the other Jonathan G. Miller—and that the answer, not having been filed either in the name of the firm or of Jonathan G. Miller, was a nullity.
This position rests on a misconception of the legal relation of the parties, and is wholly untenable.
There were three parties defendant—B. W. Miller, Thos. Miller, and Jonathan G. Miller—-all of whom, were sued jointly. True, the first two named were described in their character as members of the firm of B. W. Miller & Bro.; but this description did not affect their joint liability with Jonathan to the plaintiff on the note sued on. Each was liable for the whole amount due on the note; and satisfaction of a judgment recovered against them might be obtained from the property of either.
The answer, although filed in the name of B. W. Miller, was, from the nature of the defense which it set up, evidently intended for the benefit of all of the defendants. That they so understood it is apparent from the fact that they all united in obtaining the allowance of the second trial, and that the undertaking for such trial was given in behalf of all.
Under the circumstances of the case, in dismissing the proceedings on the second trial as to part of the defendants, the court committed a palpable error.
The case came clearly within the rule laid down in Sprague, Adm’r v. Childs, 16 Ohio St. 107.
The rule is that if the defense set up by a party taking a second trial is several only, leaving a valid cause of action against the other defendants, the liability of those not taking a second trial, as fixed by the findings on the first trial, will remain unaffected by the second trial. But if the de *297 fense is joint in its nature, and goes to the validity of the cause of action, it will, to the extent it may be established, inure to the benefit of all of the defendants as fully as it would have done upon the first trial.
It was also decided in that case that all the parties to the action, whose interests may be affected by the results of the second trial, continue before the court, quoad such interest; and that when the facts in controversy are ascertained, the judgment must conform to the rights of the parties.
The defense now in question did not go merely to the exoneration of B. W. Miller from liability, leaving a valid cause of action against the other defendants; but to the invalidity of the note, for want of consideration, as a cause of action against any of the defendants.
We are not called on in this case to determine whether rhe first judgment, for the purposes of execution, was wholly vacated by the second trial. We think it clearly was so vacated, to the extent that it was in excess of the amount recovered on the second trial; and this is sufficient to show that the execution -was not only unauthorized against B. W. Miller, but also against the other defendants.
The remaining question is whether the plaintiffs in error mistook their remedy in bringing an independent suit in the Court of Common Pleas of Union county, to enjoin the execution. The question is whether they ought not to have applied to the Court of Common Pleas of Marion county— the court from which the execution issued—by motion to have the execution set aside, and whether that was not their only remedy.
That mode of procedure would doubtless have been the more appropriate; but if it had been resorted to, it is most likely a restraining order would have been required to stay proceedings under the execution until the motion could have been acted on by the court.
Jurisdiction in equity has been maintained to enjoin the enforcement, by execution, of a judgment which had been paid, notwithstanding the light of the complainant to pro *298 ceed by motion in the court issuing the execution, to have satisfaction of the judgment entered, and the execution set aside. Crawford v. Thurmond et al., 3 Leigh, 85.
In the present case, the judgment had not been paid, but the amount due had been tendered, and it was brought into court for the use of the plaintiff in the execution. It is also to be observed that the defendant in error, the execution creditor, appeared and answered to the merits, making no objection to the jurisdiction or the mode of proceeding. In such case, where the right of the party is clear, and the court is competent to give relief, it has been often held that the objection that there is an adequate remedy at law comes too late. Rees v. Smith, 1 Ohio, 124; Nicholson v. Pim, 5 Ohio St. 25.
Under the circumstances, therefore, we are of opinion that the injunction ought to have been granted, and that the court erred in dismissing the petition.

Leave granted, judgment reversed, and cause remanded for further proceedings.

Welch, C. J., Rex, Gilmore, and McIlvaine, JL, concurred.